## 31083. KANES *v.* THE STATE.

GARDNER, J. The jury were authorized to find, from (a) the defendant's admissions to the officers, that "he was stuck on it [the theft], and that them boys [his confederates] would tell on him anyhow;" (b) his admissions that he had painted the car a blue color over the original black color; (c) his conflicting statements as to how he acquired the car; and (d) his admissions as to procuring a false bill of sale; (e) the testimony of a fourteen-year-old confederate to the effect that the defendant and *other boys* were engaged in a general theft of automobiles and automotive equipment; (f) the proof of the defendant's possession of an outlay of stolen automobile tires and automotive equipment; (g) the fact that the defendant had caused the car to be registered in the name of one Peter Kanes under a different motor number from that of the correct motor number; (h) the undisputed evidence which showed that the defendant procured a little boy to hide the keys of the automobile; and (i) evidence of the defendant's possession of the automobile from a short time after its theft until a short time before his arrest; (j) the automobile was unquestionably identified by the owner from whom it was stolen. In fact, the whole record shows the most sordid criminal course which has been called to this court's attention in few, if any, instances for a long time. He procured boys fourteen years old, and, from a fair inference from the record, younger, to do his bidding in the theft of automobiles and automotive equipment during a prolonged conspiracy and used these school youths to accomplish his purpose in an orgy of crime.

His motion for a new trial is based on the general grounds only. The attorney for the defendant contends in his argument for certain points which he states are raised by special grounds in an amended motion. The record does not contain any such amended motion. It appears from the record that, after the State's evidence was in, counsel for the accused filed what he termed was a demurrer to the evidence and moved to exclude such evidence and moved for a directed verdict of acquittal. The court overruled this objection. At most, such objection and its overruling can be considered only as enlargements of the general grounds. From this standpoint they have no merit, and in our opinion, from any other viewpoint, they are unmeritorious.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 5, 1945.

*Charles W. Anderson,* for plaintiff in error.
*E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.